## APPEAL OF LINA J. CAPPS.

Docket No. 4451.     Submitted August 3, 1925.     Decided November 9, 1925.

> Taxpayer received by deed certain real estate. *Held,* that a part of same was received by her as a gift and that the remainder was received impressed with a trust and that she received no taxable income as the result of the conveyance.

*George E. H. Goodner, Esq.,* for the taxpayer.
*George G. Witter, Esq.,* for the Commissioner.

Before GREEN and LOVE.

### FINDINGS OF FACT.

The taxpayer, née Lina Jackson, was the youngest of seven children of J. Wesley Jackson. The six older children, in 1916, were married, the last having married in August, 1916.

It had been the custom of the father, J. Wesley Jackson, upon the marriage of a child, to give to each a substantial gift, in money or property, of approximately $16,000.

After the marriage of a daughter in August, 1916, the father made a request of the taxpayer that she remain single and live with him and the mother, and then stated to her that if she would do as he requested she would not lose anything by so doing.

She thereupon, at once, attended a business college, and later sought and obtained employment as a stenographer at a salary of $35 per month, which was subsequently increased to $50, and then to $75. In 1919, for about six months, she visited with a sister in Rhode Island. On her return she accepted a position in a bank, which position she held for about three years. From August, 1916, until the date of her marriage in December, 1922, taxpayer lived with her father and mother.

In addition to performing household duties to assist her mother, she performed some clerical services for her father, such as making collections and deposits and writing letters for him, all of which she regarded simply as filial duties. The father died in June, 1922.

In March, 1922, the father, by general warranty deed, conveyed to the taxpayer real estate of the value of $32,800, with no reservations stipulated in the deed, but orally enjoined upon the taxpayer to see to it that the married daughter who lived in Rhode Island received her part, as she had not theretofore been given her $16,000.

After the father's death, his estate was partitioned, and taxpayer deeded to the sister in Rhode Island a farm valued at $16,000, thus satisfying the father's instructions and leaving the taxpayer $16,800.

The taxpayer filed no income-tax return for the year 1922. In 1924 the collector investigated the case, and, under section 3176 of the Revised Statutes, made a return, in which he treated the $16,800 received by the taxpayer from her father as a gift, and not taxable, but treated the balance of the $32,800 valuation of the property as consideration for the contract made in 1916 by reason of which the taxpayer remained single and lived with her father and mother.

DECISION.

The deficiency determined by the Commissioner is disallowed.

OPINION.

LOVE: The Commissioner contends that the $16,800 value (the excess above the usual amount given to each child by the father) included in the conveyance made in 1922 was in satisfaction of the contract that taxpayer should remain single and live with her father and mother, and that said contract was valid and binding.

The taxpayer contends that such a contract, if it may be termed a contract, was in restraint of marriage, and hence was void as against public policy. She further contends that, although she received a deed to the $32,800 worth of property, the whole of such property was not intended for her own use and benefit, but was charged with a trust for the benefit of her sister, who had not received the gift from the father, as had the other children.

The taxpayer took title from her father to the whole of the $32,800 worth of property, charged with a trust to deliver to her sister that sister's part, according to the well-known custom in the family. That trust was fulfilled, and approximately $16,000 worth of that property was conveyed to that sister.

The taxpayer received out of the property conveyed to her by her father only $16,800. In view of the fact that the Commissioner has allowed her that amount as a nontaxable gift, and sought to tax only the $16,000 which went to her sister, the deficiency determined by the Commissioner must be disallowed.