*1273 OPINION.
Love:
The Commissioner contends that the $16,800 value (the excess above the usual amount given to each child by the father) included in the conveyance made in 1922 was in satisfaction of the contract that taxpayer should remain single and live with her father and mother, and that said contract was valid and binding.
The taxpayer contends that such a contract, if it may be termed a contract, was in restraint of marriage, and hence was void as against public policy. She further contends that, although she received a deed to the $32,800 worth of property, the whole of such property was not intended for her own use and benefit, but was charged with a trust for the benefit of her sister, who had not received the gift from the father, as had the other children.
The taxpayer took title from her father to the whole of the $32,800 worth of property, charged with a trust to deliver to her sister that sister’s part, according to the well-known custom in the family. That trust was fulfilled, and approximately $16,000 worth of that property was conveyed to that sister.
The taxpayer received out of the property conveyed to her by her father only $16,800. In view of the fact that the Commissioner has allowed her that amount as a nontaxable gift, and sought to tax only the $16,000 which went to her sister, the deficiency determined by the Commissioner must be disallowed.